

ENTERED
09/28/2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| HOLLY D. RUTHVEN, | ) CASE NO. 15-80172-G3-7 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay Regarding Non-Exempt Property at 4727, 4729, and 4731 11th St., Bacliff, Texas" (Docket No. 29) filed by D. Elaine Wike. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Holly D. Ruthven ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 1, 2015. Debtor initially filed the petition pro se, though at the time of the hearing on the instant motion, she was represented by counsel. Janet S. Casciato-Northrup is the Chapter 7 Trustee.

In the instant motion, D. Elaine Wike seeks relief from stay with respect to real property located on 11th Street in

Bacliff, Texas.

At the hearing on the instant motion, Debtor testified that she first acquired the property during 2000, with her then-husband. She testified that she left the property in 2004, believing that the property would be awarded to her then-husband in a divorce. She testified that she ended up with the property, and moved back in. Debtor testified that she left the property during 2009, because Hurricane Ike had rendered the property uninhabitable. She testified that she moved to Seattle, Washington for approximately eight months, and then to Dallas, Texas for approximately six months. She testified that she returned to the property in Bacliff, Texas during 2010.

Debtor testified that, when she moved back to the property in 2010, she lived in a one-room cottage that was on the property.

In February, 2011, Debtor executed a note, in the original principal amount of $110,000, payable to Wike. (Wike Exhibit A). Debtor also executed a deed of trust with respect to the property. (Wike Exhibit B). Debtor executed an extension of the note on March 22, 2011, increasing the principal amount to $170,000. (Wike Exhibit C). Debtor executed a second extension of the note on May 20, 2011, increasing the principal amount to $200,000. (Wike Exhibit D). Debtor testified that she received the $200,000 from Wike.

Debtor testified that she used the funds advanced by Wike to pay off pre-existing debts, including approximately $10,000 in taxes on the property, and to improve the property. She testified that she repaid student loans, replatted the land, filled in a pond, cleared trees and trash, bought a mobile home, and reconstructed utilities to make the property available to serve the mobile home, the cottage, and four travel trailers.

Debtor testified that, after she bought the mobile home, she repaired it, and then moved into the mobile home, so that she could have the cottage repaired.

Debtor testified that she intended to rent out the cottage, and rent spaces to travel trailers. Debtor testified that her income from employment was never sufficient to make the payments to Wike under the note. She testified that she was relying on income from rental of the property to make payments to Wike. She testified that Wike knew that Debtor was unable to make full payment, and accepted partial payments from Debtor.

Debtor testified that her intention to rent spaces on the property was frustrated, during 2012, by the need to obtain a hydrological survey on the property. She testified that she was unable to afford a hydrological survey.

Debtor testified that she rented the cottage to a tenant, and instructed the tenant to pay rent directly to Wike.

Debtor testified that, in February, 2013, she moved to

Birmingham, Alabama to work.  She testified that, at that time, she rented out the cottage to one tenant, and the mobile home to another tenant.  She testified that the mobile home tenant failed to pay rent.

Debtor testified that, in February, 2014, she returned to Houston, Texas.  She testified that she had a new job in Webster, Texas at that time.  She testified that she had been unable to evict the mobile home tenant, and instead rented a home in Pearland, Texas.

In the instant motion, Wike seeks relief from stay based on Debtor's failure to make payments, and to provide a certificate of insurance.[1]

Debtor asserts that the property is her homestead, and that Wike has no cognizable interest in the property, because the loan was made in violation of the home equity loan provisions of the Texas Constitution and the Texas Property Code.

Debtor made no offer of adequate protection with respect to Wike's asserted interest in the property, which is based on Wike's notes and deed of trust.

---

[1] The court notes that Debtor has alleged that Wike and a real estate agent engaged in misconduct that resulted in a lost sale of the property.  Because the court has determined to grant the motion in part, based on the lack of adequate protection, the details of that underlying dispute between the parties are not pertinent to this court's consideration of the instant motion.  This court does not preclude a state court's consideration of the underlying dispute.

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  <u>In re Reitnauer</u>, 152 F.3d 341, 343 n.

4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor's failure to provide adequate protection of Wike's asserted interest in the property constitutes cause for granting relief from the automatic stay. The court concludes that the stay should lift to permit Wike to seek a judicial foreclosure of her asserted interest in the property. Debtor may assert in state court whatever defenses she believes she may have with respect to such an action brought by Wike in state court.[2]

Based on the foregoing, a separate Judgment will be entered granting in part the "Motion for Relief from the Stay Regarding Non-Exempt Property at 4727, 4729, and 4731 11th St., Bacliff, Texas" (Docket No. 29).

Signed at Houston, Texas on September 28, 2015.

_[signature]_
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that the docket sheet in the instant case does not indicate that the Chapter 7 Trustee has conducted a meeting of creditors. This court makes no determination as to whether any of the affirmative claims Debtor may assert may be property of the Chapter 7 estate, subject to administration by the Chapter 7 Trustee.